Jian Zhen JIANG, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales, Respondent.**

No. 05–4507–AG.

United States Court of Appeals, Second Circuit.

Feb. 26, 2007.

Gregory Marotta, Law Office of Richard Tarzia, Belle Mead, New Jersey, for Petitioner.

Kim L. McCabe, Assistant United States Attorney for the Northern District of Texas (Richard B. Roper, United States Attorney, on the brief), Dallas, Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOHN M. WALKER, Jr., and Hon. PETER W. HALL, Circuit Judges.

*SUMMARY ORDER*

Petitioner Jian Zhen Jiang, a native and citizen of China, seeks review of a July 22, 2005 order of the BIA affirming the April 12, 2004 decision of Immigration Judge ("IJ") Alan L. Page denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Zhen Jiang,* No. A78 965 365 (B.I.A. July 22, 2005), *aff'g* No. A78 965 365 (Immig. Ct. N.Y. City Apr. 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Because the IJ's past persecution finding involves the application of law to a particular set of facts, i.e., the definition of persecution, this Court reviews that finding *de novo. See, e.g., Edimo–Doualla v. Gonzales,* 464 F.3d 276, 282 (2d Cir.2006). The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I & N Dec. 211, 222 (BIA 1985). This Court has clarified that a valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir. 2006). However, in order to constitute persecution, the alleged harm must be severe. *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive") (internal quotation marks omitted).

In this case, Jiang explained that he was arrested and detained for 20 hours, and admitted that he was never physically assaulted during his detention. While he testified that he was placed in handcuffs, this act is not sufficiently severe, standing alone, to amount to persecution. Nor was Jiang physically or mentally degraded with the intent to cause pain or humiliation. *Cf. Gjolaj v. BCIS,* 468 F.3d 140, 142 (2d Cir.2006). The IJ was thus reasonable in determining that Jiang failed to establish that he suffered past persecution in China on account of his religion.

In addition, the IJ was reasonable in finding that Jiang failed to establish a well-founded fear of future persecution. Specifically, because he was unable sufficiently to explain his return to China after a trip abroad, the IJ did not err in finding that this undercut his claim that he genuinely, subjectively feared returning to China. Moreover, Jiang's inconsistent testimony regarding whether or not an arrest warrant had issued in his name undermined his attempt to show an objective fear of future persecution. Finally, since the events Jiang experienced in China did not rise to the level of persecution, there

was no reason for the IJ to believe that Jiang would be subject to persecution upon his return.

■ Because Jiang was unable to show the well-founded fear of future persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Moreover, the IJ did not err in denying Jiang's CAT claim because he did not provide any testimony indicating that he would likely face torture in China on account of his religion or any other ground.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).